IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONNIE L. MCDANIEL,<br><br>    Plaintiff,<br><br>vs.<br><br>BILL GATES, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br><br><br>Case No. 2:09-CV-337 TS |

This matter is before the Court for screening of Plaintiff's *pro se* Complaint. Because the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted, the Court will dismiss the Complaint.

I.  BACKGROUND

Plaintiff brings this civil rights action against Bill Gates, Microsoft Inc., Google Mail, and Gmail. Plaintiff alleges that his outgoing email has been "locked up" and his email security has been breached. Plaintiff has attached to his Complaint certain emails which he has attempted to send to certain individuals. For reasons not made clear, these emails never made it to the intended recipients. Plaintiff alleges personal injury, mental stress, and financial hardship based on his inability to do business. Plaintiff seeks damages in the amount of $30,000,000.00 in lost revenue.

1

## II. STANDARD

Plaintiff is proceeding *pro se* and *in forma pauperis*. Because Plaintiff was granted permission to proceed *in forum pauperis*, the provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915, are applicable. Under § 1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint fails to state a claim upon which relief may be granted.[1]

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[3] All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4] But, the court "need not accept conclusory allegations without supporting factual averments."[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] Thus, "the complaint must give the

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii).

[2] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[7]

Because Plaintiff proceeds *pro se,* the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[8] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9] No special legal training is required to recount facts surrounding an alleged injury, and *pro se* litigants must allege sufficient facts, on which a recognized legal claim could be based.[10]

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[11] Thus, "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[12] and the Court should dismiss the claim "only where it is obvious

---

[7]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9]*Id*.

[10]*Id*.

[11]*Id*. (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).

[12]*Id*. at 1110 n. 3.

that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[13]

### III.  DISCUSSION

Though far from clear, Plaintiff appears to allege causes of action under 42 U.S.C. § 1983, antitrust, and violation of privacy.  The Court will discuss each claim in turn.

A.	SECTION 1983

A claim under § 1983 must allege (1) the violation of a right secured by the Constitution and laws of the United States (2) committed by a person acting under color of state law.[14] Plaintiff's Complaint alleges neither.  Plaintiff's Complaint does allege "privacy violations," but does not tie those to a right secured by the Constitution or the laws of the United States.  Even if he did, it is clear that Defendant are not "persons acting under color of state law."

In order to make a valid § 1983 claim against private individuals, such as Defendants, Plaintiff must allege that: (1) the alleged deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible; and (2) the private party must have acted together or obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State.[15]  No such allegations are present in Plaintiff's Complaint.

---

[13]*Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[14]*Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007).

[15]*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

B.   ANTITRUST

Plaintiff's Complaint is unclear as to what provision he brings his antitrust claims under. The Court will examine his Complaint under both Sections 1 and 2 of the Sherman Act.

*1.   Section 1 of the Sherman Act*

To state a claim for a Sherman Act § 1 violation, "the plaintiff must allege facts which show: the defendant entered a contract, combination or conspiracy that unreasonably restrains trade in the relevant market."[16]  Plaintiff's Complaint is devoid of any allegations which would show a violation of Section 1 of the Sherman Act.

*2.   Section 2 of the Sherman Act*

"The offense of monopoly under § 2 of the Sherman Act has two elements: (1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power."[17]  Plaintiff's Complaint contains no such allegations.

C.   INVASION OF PRIVACY

Courts have recognized four privacy torts: (1) intrusion upon the plaintiff's seclusion or solitude, or into plaintiff's private affairs; (2) appropriation, for the defendant's advantage, of the plaintiff's name or likeness; (3) public disclosure of embarrassing private facts about the plaintiff; and (4) publicity which places the plaintiff in a false light in the public eye.[18]

Plaintiff's Complaint contains no allegations which would support a cause of action under any of these four torts.  The closest Plaintiff comes to alleging an invasion of privacy is

---

[16]*TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1027 (10th Cir. 1992).

[17]*United States v. Grinnell Corp.*, 384 U.S. 563, 570 (1966).

[18]*Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 377-78 (Utah Ct. App. 1997).

5

based on a theory of intrusion upon seclusion.  In order to prevail on a claim of intrusion on seclusion, Plaintiff must prove two elements by a preponderance of the evidence: (1) that there was an intentional substantial intrusion, physically or otherwise, upon the solitude or seclusion of the complaining party; and (2) the intrusion would be highly offensive to the reasonable person.[19]  Plaintiff's Complaint does not allege anything to support either element.

## IV.  CONCLUSION

Based on the above, it is hereby

ORDERED that Plaintiff's Complaint (Docket No. 3) is DISMISSED.  The Clerk of the Court is directed to close this case forthwith.

DATED   April 23, 2009.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge

---

[19] *Id.*